UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID GAY,

    Plaintiff,

    v.

NATIONAL RURAL ELECTRIC
COOPERATIVE ASSOCIATION
GROUP BENEFITS PROGRAM,

    Defendant.

Case No. 2:14-cv-253
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant National Rural Electric Cooperative Association Group Benefits Program's motion to dismiss or, alternatively, for remand (ECF No. 8), Plaintiff's memorandum in opposition (ECF No. 11), and Defendant's reply memorandum (ECF No. 15).  For the reasons that follow, the Court **DENIES** the motion.

    **I.**    **BACKGROUND**

Plaintiff brings his Complaint under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq., commonly referred to as "ERISA."  Plaintiff alleges that Defendant, which administers a group benefit program under which Plaintiff was covered (the "Plan"), wrongly denied his claim for long-term disability benefits.  A brief summary of the facts underlying this case is set forth below.

Plaintiff was enrolled in the Plan through his employer.  In April 2012, Plaintiff allegedly became disabled and applied for long-term disability benefits under the Plan.  On July 2, 2013,

1

Defendant informed Plaintiff of its determination that he was not disabled from his own occupation so as to qualify for benefits under the Plan.

Plaintiff instituted an administrative appeal of Defendant's decision on December 12, 2013.  To support his claim that he was disabled from his own occupation, Plaintiff submitted a file to Defendant that included an assessment by the Social Security Administration.

On March 13, 2014, a claims administrator informed Plaintiff that Defendant would not reach a decision on his claim within ERISA's 90-day limit.  Defendant did not, in fact, reach a decision on Plaintiff's claim within that 90-day limit.

Having deemed his administrative remedies exhausted when the 90-day limit expired, on March 17, 2014, Plaintiff filed the present Complaint.  Plaintiff seeks an award of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies.  In the alternative, Defendant asks the Court to remand this case for completion of its analysis of Plaintiff's administrative appeal.

## II. ANALYSIS

### A. Standard of Review

Dismissal pursuant to Rule 12(b)(6) is proper if the complaint fails to state a claim upon which the Court can grant relief.  Fed. R. Civ. P. 12(b)(6).  The court must construe the pleading in favor of the party asserting the claim, accept the factual allegations contained therein as true, and determine whether those factual allegations present a plausible claim for relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  The defendant bears the burden of demonstrating

that the plaintiff failed to state a claim for relief. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Here, Defendant argues that dismissal under Rule 12(b)(6) is proper because Plaintiff failed to exhaust his administrative remedies before filing suit. The Court agrees with Plaintiff, however, that exhaustion is an affirmative defense. *See, e.g., Beamon v. Assurant Emp. Benefits*, 917 F. Supp. 2d 662, 666 (W.D. Mich. Jan. 22, 2013) (collecting cases in which courts held that exhaustion in ERISA cases is an affirmative defense). *Cf. Jones v. Bock*, 549 U.S. 199, 212–16 (2007) (holding that exhaustion under the Prison Litigation Reform Act is an affirmative defense); *Retamar-Lopez v. Bd. of Educ. Of Dublin City Schs. Dist.*, No. 2:13-cv-0161, 2014 WL 221944, at *2 (S.D. Ohio Jan. 21, 2014) (treating failure to exhaust under the Individuals with Disabilities Education Act as an affirmative defense). A plaintiff generally is not required to plead facts negating an affirmative defense. *See, e.g., Jones*, 549 U.S. at 212–16. As such, a court may grant a Rule 12(b)(6) motion on the basis of an affirmative defense only if the defense appears on the face of the pleadings. *Id.* at 215 (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001)); s*ee also Bishop v. Lucent Techs., Inc.,* 520 F.3d 516, 520 (6th Cir. 2008).

The first issue for the Court is what materials constitute the "pleadings" for purposes of analyzing Defendant's affirmative defense. Along with the complaint and public records, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997); *see also Basset v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Documents other than those referenced above are considered matters outside the pleadings; if those documents are presented with a motion to

3

dismiss under Rule 12(b)(6), then the court must either exclude those documents from consideration or convert the defendant's motion to a one for summary judgment. Fed. R. Civ. P. 12(d).

Here, Defendant does not dispute that Plaintiff was entitled to deem his administrative remedies exhausted if Defendant failed to render a decision on his appeal within ERISA's 90-day time limit. Plaintiff alleged in his Complaint that the 90-day limit expired and that Defendant failed to render a decision on his administrative appeal within that time frame. Defendant therefore cannot successfully argue that its exhaustion defense appears in the Complaint alone.

Instead, Defendant argues that the Court should consider a letter dated March 13, 2014 from its vendor to Plaintiff's attorney ("March 13 Letter") as part of the pleadings,[1] and that the March 13 Letter establishes that "the administrative process was actually tolled under applicable regulations" at the time Plaintiff filed his Complaint such that the 90-day period never expired and Plaintiff's administrative remedies are not deemed exhausted. (ECF No. 8, at 3.) As explained below, however, the March 13 Letter does not prove what Defendant says it does. Accordingly, even assuming *arguendo* that the Court can consider the March 13 Letter as part of the pleadings, Defendant's exhaustion defense does not appear on the face of the pleadings. Rule 12(b)(6) therefore does not mandate dismissal of Plaintiff's Complaint.

### B. Exhaustion Under ERISA

The parties do not dispute (for purposes of this motion to dismiss) that the Plan is subject to ERISA's requirements, that Plaintiff was obligated to exhaust administrative remedies under the Plan before filing suit in this Court, and that Plaintiff initiated a first-level administrative

---

[1] Defendant attached the March 13 Letter as Exhibit A to its motion to dismiss.

appeal after Defendant initially denied his claim for benefits.  The parties similarly do not dispute that, if Defendant failed to render a decision on Plaintiff's appeal within the permissible 90-day time limit set forth in ERISA, Plaintiff was entitled to deem his administrative remedies exhausted and seek judicial review of Defendant's decision to deny his claim.  *See* 29 C.F.R. § 2560.503-1(l) ("In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan . . . ."); *Soltysiak v. UNUM Provident Corp./Paul Revere Co.*, 531 F. Supp. 2d 816, 818–19 (W.D. Mich. 2008).  The issue for this Court is whether it is clear from the pleadings that ERISA's 90-day time limit was tolled such that Plaintiff's administrative remedies were not deemed exhausted at the time he filed his Complaint.

Section 2560.503-1(i) of the Code of Federal Regulations governs this issue.  Pursuant to § 2560.503-1(i)(1)(i),

> Except as provided in paragraphs (i)(1)(ii), (i)(2), and (i)(3) of this section, the plan administrator shall notify a claimant in accordance with paragraph (j) of this section of the plan's benefit determination on review within a reasonable period of time, but not later than [45][2] days after receipt of the claimant's request for review by the plan, unless the plan administrator determines that special circumstances (such as the need to hold a hearing, if the plan's procedures provide for a hearing) require an extension of time for processing the claim. If the plan administrator determines that an extension of time for processing is required, written notice of the extension shall be furnished to the claimant prior to the termination of the initial [45]–day period. In no event shall such extension exceed a period of [45] days from the end of the initial period. The extension notice shall

---

[2] This section provides for a 60-day timeline for administrative appeals, but § 2560.503-1(3)(i) mandates that the Court use a 45-day timeline in disability claims cases such as this one. 29 C.F.R. § 2560.503-1(3)(i) ("Except as provided in paragraph (i)(3)(ii) of this section, claims involving disability benefits (whether the plan provides for one or two appeals) shall be governed by paragraph (i)(1) of this section, except that a period of 45 days shall apply instead of 60 days for purposes of that paragraph.").

>indicate the special circumstances requiring an extension of time and the date by which the plan expects to render the determination on review.

29 C.F.R. § 2560.503-1(i)(1)(i).

As applied to the facts of this case, it is clear that Defendant had 45 days after receipt of Plaintiff's administrative appeal (which, according to the Complaint, Plaintiff submitted on December 12, 2013) to render a decision on that appeal.  Defendant also had the option, at its sole discretion, to extend that time period for an additional 45 days if "special circumstances (such as the need to holding a hearing, if the plan's procedures provide for a hearing) require an extension of time for processing the claim."  *Id*.  Defendant presumably determined that such special circumstances existed and elected to invoke the 45-day extension.  *See* ECF No. 1 ¶ 13; ECF No. 8-1, at 2.  As such, Defendant was required to send Plaintiff written notice of the special circumstances that warranted the extension.  29 C.F.R. § 2560.503-1(i)(1)(i).  Although the Court can infer from the pleadings that such written notice exists, the document itself it not part of the pleadings.[3]

The question now becomes whether the tolling provision set forth in § 2560.503-1(i)(4) tolled the 45-day extension that Defendant invoked.  Section 2560.503-1(i)(4) states:

>For purposes of paragraph (i) of this section, the period of time within which a benefit determination on review is required to be made shall begin at the time an appeal is filed in accordance with the reasonable procedures of a plan, without regard to whether all the information necessary to make a benefit determination on review accompanies the filing. In the event that a period of time is extended as permitted pursuant to paragraph (i)(1), (i)(2)(iii)(B), or (i)(3) of this section due to a claimant's failure to submit information necessary to decide a claim, the period

---

[3] Plaintiff provided a more complete record of the correspondence between the parties in connection with his memorandum in opposition to Defendant's motion; however, the documents he attached are not part of the Complaint, are not public records, and are not referenced in the Complaint. Accordingly, because those documents constitute matters outside the pleadings, the Court excludes them from its analysis of Defendant's motion to dismiss pursuant to Rule 12(b)(6).

6

>for making the benefit determination on review shall be tolled from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information.

29 C.F.R. § 2560.503-1(i)(4). As applied to the facts of this case, that means that the initial 45-day time period began to run when Plaintiff filed his appeal (or when Defendant received notice of the same, *see* § 2560.503-1(i)(1)(i)), regardless of whether Plaintiff submitted all necessary information at that time. The next sentence of the regulation—"[i]n the event that a period of time is extended as permitted pursuant to paragraph (i)(1) . . . of this section due to a claimant's failure to submit information necessary to decide a claim"[4]—logically can only refer to the permissible 45-day extension discussed above. As such, the tolling provision set forth in § 2560.503-1(i)(4) is only relevant if Defendant's decision to invoke the 45-day extension was based on the special circumstance that Plaintiff failed to submit information necessary to decide his claim (and Defendant detailed that reason, along with a request for additional information, in its written notification of extension). In that case, the 45-day time period would be tolled "from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information." 29 C.F.R. § 2560.503-1(i)(4).

The parties suggest that Defendant did, in fact, detail a request for information about pharmacies Plaintiff utilized in its written notification of extension. The parties also suggest that Plaintiff responded to that request by providing (what Defendant claims to be) inaccurate information about the pharmacies he visited. But neither the date of Defendant's request nor the date of Plaintiff's response are ascertainable from the pleadings. The Court therefore cannot

---

[4] The Court omits the reference to paragraph (i)(2)(iii)(B) and (i)(3) from this section because the former applies to multiemployer plans (which are not at issue here) and the latter simply references the fact that paragraph (i)(1) applies to disability claims such as Plaintiff's.

7

determine at this stage of the litigation the length of time (if any) that the 45-day extension was tolled pursuant to 29 C.F.R. § 2560.503-1(i)(4).

Defendant suggests in its briefs that Plaintiff never "responded" to its request within the meaning of the regulation because the information he submitted was not accurate; however, the case law does not support that position. To the contrary, courts addressing this issue have concluded that a claimant "responds" to a plan administrator's request for information (so as to end the tolling period set forth in § 2560.503-1(i)(4)) at the time he or she actually responds to the request, without regard to whether he or she produces accurate (or any) information at that time. *See, e.g., McDowell v. Std. Ins. Co.*, 555 F. Supp. 2d 1361, 1368–70 (N.D. Ga. 2008) (holding that a plan administrator could not toll the 45-day time limit once the claimant responded to the request for outstanding information by informing the plan administrator that he did not intend to produce the requested information); *Holmes v. Colorado Coalition for the Homeless Long Term Disability Plan*, 762 F.3d 1195, 1207 (10th Cir. 2014) ("Furthermore, [the claimant] had the power to end the tolling period and recommence the running of the time for decision simply by responding to [the plan administrator's] request, even if the response was a refusal to provide the documents."); *accord Employee Retirement Income Security Act of 1974; Rules and Regulations for Administration and Enforcement; Claims Procedure*, 65 Fed. Reg. 70246-01, 70249 n. 21 (Nov. 21, 2000) ("This tolling period [set forth in 29 C.F.R. § 2560.503-1(i)(4)] ends on the date on which the plan receives the claimant's response to the notice, without regard to whether the claimant's response supplies all of the information necessary to decide the claim."). Although the Sixth Circuit has not, to the Court's knowledge, addressed this specific

8

issue, the cited cases comport with the plain language of the regulations.  Defendant does not offer any authority or argument to the contrary.

Applying the cited authority here, the Court rejects Defendant's position that the 45-day time period was tolled until Plaintiff provided accurate information in response to its request.  Although that time period may have been tolled between the date of Defendant's written notification of extension through the date on which Plaintiff responded to that notification, those dates are not ascertainable from the Complaint or from the March 13 Letter.  Defendant's affirmative defense therefore does not appear on the face of the pleadings.  The Court need not address Plaintiff's alternative argument that Defendant sought the extension for an impermissible purpose.

As a final note, the Court acknowledges that, at the time the administrative appeal was taking place, Defendant did not appear to believe its own argument that the tolling provision set forth in § 2560.503-1(i)(4) applies to the facts of this case.  In the March 13 Letter, Defendant's claims administrator did not reference tolling or § 2560.503-1(i)(4).  *See* ECF No. 8-1.  To the contrary, the claims administrator stated that ERISA required her to complete her review of Plaintiff's claim by March 14, 2014.  (*Id*. at 1.)  The claims administrator further stated that she was requesting a second 45-day extension and that she expected to complete her review by April 27, 2014.  (*Id*.)  The Court therefore agrees with Plaintiff that the March 13 Letter "did not notify Plaintiff that Defendant was invoking any right to toll." (ECF No. 22, at 10.)  Having found, however, that Defendant is not entitled to dismissal of Plaintiff's Complaint, the Court need not address the legal implications (if any) of Defendant's failure to notify Plaintiff that it was invoking its right to toll the 45-day time period.

### C. Defendant's Alternative Request for Remand

In the alternative to its motion to dismiss, Defendant requests that the Court remand Plaintiff's claim so Defendant can complete its review of Plaintiff's administrative appeal. Under Defendant's logic, however, remand would be appropriate any time a plan administrator failed to render a decision on a claimant's appeal within the permissible 90-day window. That result directly contradicts § 2560.503-1(l), which permits a claimant to seek judicial review of his or her claim determination in the event the plan administrator fails to reach a timely decision on the claim. *See* 29 C.F.R. § 2560.503-1(l) (referencing section 502(a) of the Act, 29 U.S.C. § 1132(a), which discusses the circumstances under which a claimant may pursue a civil action). Defendant does not offer any explanation as to why this case warrants a different analysis or why Defendant should essentially be excused from complying with the time limits set forth in § 2560.503-1(i)(1)(i). The Court therefore denies Defendant's request for remand.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Defendant did not meet its burden in demonstrating that Plaintiff's Complaint fails to state a claim for relief. The Court therefore **DENIES** Defendant's motion to dismiss or, alternatively, for remand. (ECF No. 8.)

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE